(898 P.2d 650)
No. 72,495

CLAIRE K. MCCURDY, *Appellee*, v. KANSAS DEPARTMENT OF TRANSPORTATION, *Appellant*.

Opinion filed June 23, 1995.

*Wilburn Dillon, Jr.*, of Bennett & Dillon, of Topeka, for appellant.

*J. Franklin Hummer*, of Davis, Unrein, Hummer, McCallister & Buck, of Topeka, for appellee:

Before GREEN, P.J., RULON and GERNON, JJ.

GREEN, J.: Claire K. McCurdy, a state civil service attorney for the Kansas Department of Transportation (KDOT), received a five-day suspension for declining a work assignment from her supervisor. Finding her suspension was improper, the trial court reversed the suspension. KDOT appeals, claiming the trial court erred in reversing the suspension. We disagree and affirm the judgment of the trial court.

Michael Rees, McCurdy's supervisor, gave McCurdy a work assignment to investigate a landowner's claim for additional expenses incurred in an earlier KDOT condemnation proceeding. When re-

viewing the assignment, McCurdy discovered that the attorney representing the landowner was an attorney in the same firm she had consulted previously about a personal legal matter. McCurdy then told Rees she could not investigate the landowner's claim because she had an attorney-client relationship, which preceded the assignment, with the same law firm that was representing the landowner. Before Rees would accept McCurdy's explanation for declining the work assignment, he told McCurdy that he needed more information about her ethical problem. While declining to elaborate on the specifics of her conflict, McCurdy responded to Rees' request for additional information by citing to Model Rule of Professional Conduct (MRPC) 1.7 (1994 Kan. Ct. R. Annot. 313) and MRPC 1.16 (1994 Kan. Ct. R. Annot. 338) as authority for declining the work assignment. Finding her explanation unsatisfactory, Rees, and later KDOT, concluded that McCurdy was insubordinate in declining to accept the assignment. As a result, she was suspended for five days without pay.

McCurdy appealed her suspension to the Kansas Civil Service Board (Board), which later affirmed her earlier suspension. McCurdy then appealed to the trial court. In reversing McCurdy's suspension, the trial court determined the Board had erred in concluding that McCurdy should have disclosed to Rees the exact nature of her conflict.

First, KDOT argues the trial court erred in substituting its own findings of fact for those of the Board, which are supported by substantial competent evidence. Although the trial court did substitute its own findings of fact for those of the Board, without determining if the Board's findings were supported by substantial evidence, this error is harmless. Our Supreme Court has stated that "[h]armless error is error which does not prejudice the substantial rights of a party. It affords no basis for a reversal of a judgment and must be disregarded." *Tamplin v. Star Lumber & Supply Co.*, 251 Kan. 300, Syl. ¶ 3, 836 P.2d 1102 (1992).

KDOT contends the trial court's decision is not based upon the Board's findings of fact, but rather upon the Board's erroneous interpretation of the law. KDOT does not claim the trial court ignored or reversed any of the Board's findings of fact. KDOT has

failed to show any prejudice from the trial court's failure to adopt the Board's findings, and the error affords no reason for reversing the trial court's decision.

Next, KDOT argues the trial court erred in determining McCurdy could decline to disclose to Rees the exact nature of her conflict, thus hindering Rees from ascertaining if a valid conflict existed. In support of its arguments, KDOT cites MRPC 5.2(b) (1994 Kan. Ct. R. Annot. 364). Because the interpretation of attorney disciplinary rules is a question of law, we have unlimited review of the trial court's decision. *In re Estate of Koch*, 18 Kan. App. 2d 188, 215, 849 P.2d 977, *rev. denied* 253 Kan. 858 (1993).

Resolving this issue requires us to determine whether Rees, after learning McCurdy had a conflict of interest, had the right to require McCurdy to disclose the exact nature of the conflict so he could determine if a valid conflict existed. The trial court determined Rees had no right to make such a determination. The trial court also determined Rees was not entitled to any additional information on the nature of McCurdy's conflict. The trial court reasoned MRPC 5.2(b) does not require a subordinate to allow her superior to decide all questions involving her ethical duty. We agree.

MRPC 5.2(b) states that "[a] subordinate lawyer does not violate the rules of professional conduct if that lawyer acts in accordance with a supervisory lawyer's reasonable resolution of an arguable question of professional duty." But MRPC 5.2(a) clearly states that "[a] lawyer is bound by the rules of professional conduct notwithstanding that the lawyer acted at the direction of another person." Consequently, a lawyer is not relieved of his or her responsibility for a violation of the rules of professional conduct just because he or she acted at the direction of a supervisor. See Comment to MRPC 5.2. For example, the rule will not protect a subordinate lawyer for a violation committed at the direction of a supervisor if the subordinate lawyer knew beforehand that his or her conduct was a violation. Here, McCurdy knew that by accepting the work assignment, she would be violating MRPC 1.7(b) and MRPC 1.16. MRPC 1.7(b) states: "A lawyer shall not represent a client if the representation of that client may be materially limited by the law-

yer's responsibilities to another client or to a third person, or by the lawyer's own interests." Moreover, MRPC 1.16 prohibits a lawyer from representing a client if the representation would result in a violation of the rules of professional conduct or other law.

As the trial court correctly pointed out, although MRPC 5.2 permits subordinate attorneys to rely on the judgment of their superior, this rule, however, does not require a subordinate attorney to defer all questions of ethical conduct to his or her superior. See *Weider v. Skala*, 80 N.Y.2d 628, 636-37, 593 N.Y.S.2d 752, 609 N.E.2d 105 (1992) (An associate is responsible for his or her own professional acts and cannot be forced by the firm's partners to choose between unethical conduct and keeping his or her job.). Accordingly, the trial court correctly concluded that McCurdy did not have to reveal the exact nature of her conflict to properly decline the work assignment, nor did she have to transfer to Rees the responsibility for determining if she had a conflict of interest. See Comment to MRPC 1.16 (A lawyer should not accept representation in a matter unless it can be performed competently, promptly, *without improper conflict of interest* and to completion.).

Next, KDOT argues Rees needed the additional information regarding the nature of the conflict to determine if McCurdy had a conflict of interest or was unreasonably refusing a work assignment. KDOT contends a supervisor's ability to effectively manage employees is precluded when an employee/attorney can unilaterally claim a conflict of interest without disclosing sufficient relevant information on the nature of the conflict. This argument is not properly before us because KDOT failed to raise the argument at the trial court level. See *Hephner v. Traders Ins. Co.*, 254 Kan. 226, 231, 864 P.2d 674 (1993). In any event, less intrusive methods existed for KDOT to determine if McCurdy had a conflict of interest. For example, Rees could have asked McCurdy to furnish a letter from the law firm confirming its possible attorney-client relationship with her.

KDOT finally argues the trial court erred in finding KDOT's disciplinary action unreasonable. KDOT contends its proposed suspension of McCurdy was reasonable given her failure to furnish information on the nature of her conflict. This argument, however,

is flawed. The record shows the trial court did not reverse KDOT's disciplinary action because it was unreasonable. Rather, the trial court reversed because it was based upon the erroneous interpretation of the law that McCurdy was required to disclose to Rees the nature of her conflict of interest. Consequently, this argument must fail.

Affirmed.